IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


LEAGUE OF WOMEN VOTERS
OF FLORIDA et al.,

      Plaintiffs,

v.                                            CASE NO.  4:11cv628-RH/WCS

KENNETH W. DETZNER, etc., et al.,

      Defendants.

_____/


# INDICATIVE RULING ON THE MOTION
# FOR A PERMANENT INJUNCTION


      This case presents a challenge to a Florida statute and rule regulating organizations that conduct voter-registration drives.  The plaintiffs are organizations that have conducted such drives in the past and wish to continue to do so.  The defendants are officials of the State of Florida in their official capacities.  The plaintiffs moved for and obtained a preliminary injunction precluding the defendants from enforcing parts of the statute and rule.  The defendants filed a notice of appeal.  At least insofar as shown by the record in the district court, the appeal remains pending.

After entry of the preliminary injunction, four individuals moved for leave to intervene in support of the statute and rule. An order was entered denying leave to intervene but indicating that the individuals would be allowed to "file amicus briefs . . . as legal issues are presented for decision, so long as they hew faithfully to the record and make reasoned arguments under the law." Order of Aug. 6, 2012, ECF No. 79, at 6.

The plaintiffs and defendants now have moved jointly for entry of a permanent injunction resolving all issues among all parties, that is, for entry of a final judgment. The four individuals who sought leave to intervene have filed nothing in response to the motion; they have not tendered an amicus brief or sought leave to do so. The deadline for taking any such action has passed. The motion for entry of a permanent injunction is unopposed and should be granted, consistently with the analysis set out in the order granting a preliminary injunction.

A district court ordinarily cannot enter a final judgment—even an unopposed final judgment—while the appeal of a preliminary injunction is pending. But a district court *can* enter an order indicating that it will enter the unopposed final judgment if the Court of Appeals remands for that purpose or the appeal is dismissed. *See* Fed. R. Civ. P. 62.1(a)(3). This order sets out such an indicative ruling.

For these reasons, the motion for entry of a permanent injunction will be granted if the Court of Appeals remands for that purpose or the pending appeal is dismissed. *See* Fed. R. Civ. P. 62.1(a)(3).

SO ORDERED on August 28, 2012.

s/Robert L. Hinkle
United States District Judge