IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA et al.,

      Plaintiffs,

v.                               CASE NO. 4:11cv628-RH/WCS

KENNETH W. DETZNER, etc., et al.,

      Defendants.

_____/

PREMANENT INJUNCTION AND
ORDER FOR ENTRY OF JUDGMENT

      This case presents a challenge to a Florida statute and rule regulating organizations that conduct voter-registration drives. The plaintiffs are organizations that have conducted such drives in the past and wish to continue to do so. The defendants are officials of the State of Florida in their official capacities. The plaintiffs moved for and obtained a preliminary injunction precluding the defendants from enforcing parts of the statute and rule. The defendants filed a notice of appeal.

While the appeal was pending, the plaintiffs and defendants moved jointly for entry of a permanent injunction resolving all issues among all parties, that is, for entry of a final judgment.  An indicative ruling was entered on August 29, 2012, announcing that the motion would be granted and a final judgment would be entered if the Eleventh Circuit remanded for that purpose or dismissed the appeal.  As it turns out, the Eleventh Circuit had already entered an order dismissing the appeal; the order made it onto this court's docket within an hour after entry of the indicative ruling.

The motion for entry of a permanent injunction is unopposed.  This order grants the motion, consistently with the analysis set out in the order granting a preliminary injunction, with minor changes based on the parties' agreement.

For these reasons,

IT IS ORDERED:

1. The joint motion for entry of a permanent injunction, ECF No. 80, is GRANTED.

2. Any security posted in connection with the preliminary injunction is exonerated.

3. A permanent injunction is entered with these terms:

a. Defendants Kenneth W. Detzner, in his official capacity as Secretary of State for the State of Florida, Pamela Jo Bondi, in her official capacity as

Attorney General for the State of Florida, and Gisela Salas, in her official capacity as Director of the Division of Elections within the Department of State for the State of Florida, are hereby permanently enjoined from taking any step to demand compliance with or enforce the following provisions:

    i. Fla. Stat. § 97.0575(1)(c), to the extent it requires identification of volunteer registration agents or employee registration agents who solicit but do not collect or handle voter registration applications;

    ii. Fla. Stat. § 97.0575(1)(d);

    iii. Fla. Stat. § 97.0575(3)(a), to the extent it requires delivery of an application within 48 hours—or any period less than 10 days;

    iv. Fla. Stat. § 97.0575(5), to the extent it requires third-party voter registration organizations to report on the number of voter registration applications used by, distributed to, or collected from registration agents;

    v. Rule 1S-2.042(3)(a), to the extent it requires disclosure of: any volunteer registration agent; any employee who does not actually collector handle voter-registration applications; or a volunteer's termination;

    vi. Rule 1S-2.042(3)(c);

    vii. Rule 1S-2.042(3)(d);

 viii. Rule 1S-2.042(3)(e), to the extent it requires disclosure of volunteer registration agents or their termination;

 ix. Rule 1S-2.042(4)(b), to the extent it requires recording the time of collection of any voter registration applications;

 x. Rule 1S-2.042(5);

 xi. Rule 1S-2.042(6)(a), to the extent it requires an accounting of the number of voter registration forms provided to or held by a third party voter registration organization;

 xii. Rule 1S-2.042(6)(b), to the extent it requires notice of termination of volunteer registration agents;

 xiii. Rule 1S-2.042(6)(c), to the extent it addresses form DS-DE 123; and

 xiv. Rule 1S-2.042(7)(a), to the extent it requires delivery of an application within 48 hours—or any period less than 10 days; to the extent it requires recording the time of delivery; and to the extent it imposes a fine for late delivery because of the absence of a 'clear postmark' on any organization that actually mailed an application within 10 days after collecting it.

 b. This injunction does not affect any other portion of Florida Statutes § 97.0575 or Florida Administrative Code Rule 1S-2.042. This injunction is binding on the Secretary of State, Attorney General, and Director of the Division

Case No.   4:11cv628-RH/WCS

of Elections and their successors, officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise. The court retains jurisdiction to enforce this injunction.

    4. All other claims in this action are dismissed with prejudice.

    5. No costs or attorneys' fees will be taxed by the Court.

    6. The clerk must enter a judgment with the terms set out in paragraph 3 and 4 above.

    SO ORDERED on August 30, 2012.

                                   s/Robert L. Hinkle
                                   United States District Judge